UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| v. ) | Criminal No. 06-0152 (PLF) |
| SHANE WOODEN, ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion of the defendant, Shane Wooden, to reduce his sentence under 18 U.S.C. § 3582(c)(2). Am. Mot. at 1.[1] Mr. Wooden's motion will be granted in part and denied in part. Although Amendment 750 to the United States Sentencing Guidelines lowers Mr. Wooden's guideline sentencing range, the Fair Sentencing Act of 2010 ("FSA") enacted by Congress does not apply retroactively to defendants like Mr. Wooden who were both convicted and sentenced before its enactment. Mr. Wooden's sentence, therefore, cannot be reduced below the mandatory minimum sentence of 120 months in effect at the time of his sentencing.

[1] The papers reviewed in connection with the pending motion include: the defendant's motion for reduction of sentence ("Mot.") [Dkt. No. 62]; the defendant's amended motion for reduction of sentence ("Am. Mot.") [Dkt. No. 63]; the government's response ("Govt.'s Resp.") [Dkt. No. 66]; the defendant's reply [Dkt. No. 67]; the defendant's supplement to his reply ("Def.'s Supp.") [Dkt. No. 68]; the government's sur-reply to defendant's supplement [Dkt. No. 69]; the defendant's response to the government's sur-reply [Dkt. No. 70]; the plea agreement ("Plea") [Dkt. No. 49]; the presentence investigation report ("PSR") [Dkt. No. 52]; the Judgment and Commitment ("Judgment") [Dkt. No. 58]; and the Probation Office memorandum of February 28, 2012 ("Probation Mem.") [Dkt. No. 65].

I. BACKGROUND

Shane Wooden pled guilty on October 31, 2008 to one count of possession with the intent to distribute 50 grams or more of cocaine base or crack, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii), and one count of possession of a firearm by a person previously convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g). At the time of his plea, he acknowledged that he was accountable for 81 grams of crack cocaine. Plea at 2. On February 25, 2009, the Court sentenced Mr. Wooden to 127 months' imprisonment on the crack conviction and 120 months' imprisonment on the gun charge, the sentences to run concurrently. Judgment at 3. Under Section 841(b)(1)(A), Mr. Wooden was subject to a mandatory minimum sentence of 120 months on the crack conviction. See 21 U.S.C. § 841(b)(1)(A). His guideline sentencing range otherwise would have been 108 to 135 months, Probation Mem. at 1; Govt.'s Resp. at 4, but the bottom of the range was trumped by the statutory mandatory minimum. See Dorsey v. United States, 132 S. Ct. 2321, 2327 (2012) ("Like other sentencing statutes, [the 1986 Drug Act] trumps the Guidelines . . . . [N]o matter what range the Guidelines set forth, a sentencing judge must sentence an offender to at least the minimum prison term set forth in a statutory mandatory minimum."). Congress subsequently enacted the Fair Sentencing Act, effective August 3, 2010, which increased the drug amounts that triggered the mandatory minimums for crack trafficking offenses. See Dorsey v. United States, 132 S. Ct. at 2329.

Mr. Wooden has filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). See Mot.; Am. Mot. He contends that the FSA is retroactive and that he therefore is subject to the benefit of the new, lower mandatory minimum established by the FSA of five

years in prison. Id. at 3. He also claims that, because he possessed 81 grams of crack cocaine, Amendment 750 to the Sentencing Guidelines, promulgated pursuant to the FSA, lowered his guideline sentencing range to 70 to 87 months. Id. at 2-3. He therefore maintains that he is eligible for a sentence reduction under Section 3582(c)(2). While the government accepts Mr. Wooden's argument with respect to the retroactivity of the Guidelines and therefore does not oppose reducing Mr. Wooden's sentence from 127 months to 120 months, it argues that the FSA's new, lower mandatory minimums cannot be applied to a defendant like Mr. Wooden who was both convicted and sentenced before enactment of the FSA. Govt.'s Resp. at 1.

## II. DISCUSSION

### *A. Retroactivity of the FSA*

Mr. Wooden argues that the Fair Sentencing Act, which increased the amount of crack cocaine necessary to trigger mandatory minimum sentences, applies retroactively to persons who, like him, were sentenced before the effective date of the Act. Am. Mot. at 3. The FSA was passed in 2010, and Mr. Wooden was sentenced in February 2009. Id at 1. Mr. Wooden cannot prevail on this argument.

The D.C. Circuit has ruled that the FSA does not apply retroactively to a defendant whose conviction and original sentence became final before the FSA was passed. United States v. Bigesby, 685 F.3d 1060, 1066 (D.C. Cir. 2012) (holding that the defendant "[could not] benefit from the FSA because it was enacted eight months after her January 2010 sentencing, and it is not retroactive"); see also United States v. Fields, 699 F.3d 520, 522 (D.C. Cir. 2012) (FSA inapplicable to offenders sentenced before passage of the statute). In concluding

that the FSA does not apply to defendants sentenced before its enactment, the D.C. Circuit aligned itself with the clear weight of authority. See United States v. Bigesby, 685 F.3d at 1066; United States v. Baptist, 646 F.3d 1225, 1229 (9th Cir. 2011) (per curiam) (citing decisions from every circuit except D.C. Circuit and Federal Circuit holding that FSA did not apply to defendants sentenced prior to August 3, 2010).

Mr. Wooden relies on the Supreme Court's recent decision in Dorsey v. United States, 132 S. Ct. 2321 (2012), to argue that the FSA is fully retroactive and applies even to persons sentenced *before* the Act's effective date. See Def.'s Supp. at 3, 8. Unfortunately for Mr. Wooden, Dorsey's holding is too narrow to provide him any relief. The Supreme Court in Dorsey held only that the new, more lenient mandatory minimum provisions of the FSA apply to offenders who committed a crack cocaine offense before August 10, 2010 but were sentenced after August 10. Dorsey v. United States, 132 S. Ct. at 2326, 2331, 2335. It said nothing about those who offended before the enactment of the FSA and were also sentenced before its effective date. While it is true that the FSA could potentially have applied to "those who have not yet offended; offenders not yet convicted; offenders convicted but not yet sentenced; [and] offenders already sentenced," United States v. Douglas, 746 F. Supp. 2d, 220, 221 (D. Me. 2010), aff'd, 644 F.3d 39 (1st Cir. 2011), "general references to 'retroactivity' are not helpful. There are various possible degrees of 'retroactivity[.]'" Id. at 221 n.2. And the Supreme Court already has explained the degree to which the FSA is retroactive.

While holding in Dorsey that the FSA's mandatory minimums would apply to offenders sentenced after its enactment, the Supreme Court suggested a distinction between such offenders and those like Mr. Wooden who were sentenced earlier, noting that sentencing

disparities will continue to exist "whenever Congress enacts a new law changing sentences (*unless Congress intends re-opening sentencing proceedings concluded prior to a new law's effective date*)." Dorsey v. United States, 132 S. Ct. at 2335 (emphasis added). Thus, whatever force Mr. Wooden's argument might otherwise have, the Supreme Court's decision in Dorsey

> actually confirms [the] decision in Bigesby, for the [Supreme] Court expressly acknowledged that it was creating a disparity "between pre-Act offenders sentenced before August 3 and those sentenced after that date." 132 S. Ct. at 2335. Although this is dictum, "carefully considered language of the Supreme Court, even if technically dictum, generally must be treated as authoritative." United States v. Oakar, 111 F.3d 146, 153 (D.C. Cir. 1997) (internal quotation marks omitted).
>
> To be sure, the FSA, as interpreted by Dorsey, produces a certain degree of arbitrariness. Individuals who commit the same offense on the same day may receive different sentences based purely on when they are sentenced – a date determined by the vagaries of the judicial system and not anything related to the goals of sentencing. But "disparities, reflecting a line-drawing effort, will exist whenever Congress enacts a new law changing sentences." Dorsey, 132 S. Ct. at 2335.

United States v. Fields, 699 F.3d at 522.

In sum, as noted, every circuit – now including the D.C. Circuit – has concluded that it was not Congress' intent to retroactively apply the FSA to those offenders who were both convicted and sentenced prior to enactment of the FSA. See, e.g., United States v. Fields, 699 F.3d at 522; United States v. Bigesby, 685 F.3d at 1066; United States v. Baptist, 646 F.3d at 1228-29. Dorsey did nothing to alter that conclusion.

*B. Reduction to 120 Months' Imprisonment under Section 3582(c)(2)*

In general, "the Court is not authorized . . . to resentence a defendant to give him the benefit of a change in the Court's sentencing practices that occurred after the defendant's conviction and original sentence became final." United States v. Stewart, Civ. Action No. 07-0084, 2011 WL 2600502, at *1 (D.D.C. June 28, 2011) (citing Dillon v. United States, 130 S. Ct. 2683, 2687 (2010)). 18 U.S.C. § 3582(c) provides "a narrow exception to [that] rule of finality." Dillon v. United States, 130 S. Ct. at 2687; see also United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003). Under that statute, the Court may *modify* a sentence when the defendant was sentenced to a term of imprisonment that was "based on" a guideline sentencing range that subsequently has been lowered. Dillon v. United States, 130 S. Ct. at 2687. Because the Court based Mr. Wooden's sentence of 127 months on the crack cocaine guideline range, which was subsequently lowered from 108 to 135 months to 70 to 87 months, Mr. Wooden is eligible for a reduction under Section 3582.

For the Court to modify a sentence pursuant to Section 3582(c)(2), however, not only must the defendant have been sentenced to a term of imprisonment that was "'based on a sentencing range that has subsequently been lowered by the Sentencing Commission,'" but "'such a reduction [must be] consistent with' applicable Commission policy statements." Dillon v. United States, 130 S. Ct. at 2687 (quoting 18 U.S.C. § 3582(c)(2)); see also United States v. Cook, 594 F.3d 883, 885-86 (D.C. Cir. 2010); United States v. Doe, 564 F.3d 305, 309 (3d Cir. 2009). Unfortunately for Mr. Wooden, although the sentence the Court gave him was "based on" a guideline sentencing range that has subsequently been reduced, the reduction he

seeks would not be consistent with "applicable Commission policy statements."  Dillon v. United States, 130 S. Ct. at 2687 (quotations omitted).

If the Court were authorized to disregard the applicable statutory mandatory minimum, Mr. Wooden's guideline sentencing range under Amendment 750 would be 70 to 87 months.  As discussed above in Part A, however, the mandatory minimum sentence of 120 months still applies to Mr. Wooden.  Where the guideline range for an offense is lower than the statutory mandatory minimum, the mandatory minimum statute "replaces the guideline range and becomes the guideline sentence."  In re Sealed Case, --- F.3d ----, 2013 WL 3305706, at *5 (D.C. Cir. 2013); see U.S. SENTENCING GUIDELINES MANUAL § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").  The Commission has explained that a "reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2)" if an amendment to the Guidelines "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a *statutory mandatory minimum term of imprisonment*)."  U.S. SENTENCING GUIDELINES MANUAL § 1B1.10 cmt. n.1(A)(ii) (2012) (emphasis added); see also In re Sealed Case, 2013 WL 3305706, at *5 ("[W]here a defendant faced a mandatory minimum that trumped his original guideline range, the lowering of that range would have had no effect on the sentence received.").

Because the FSA is not retroactive to those sentenced before August 1, 2010, the mandatory minimum sentence in effect before the FSA "subsume[s] and displace[s]" Mr. Wooden's amended guideline sentencing range.  United States v. Doe, 564 F.3d at 312.  Mr.

Wooden therefore is eligible for a reduction of his sentence from 127 months to 120 months, but not to any reduction below that statutory mandatory minimum. Accordingly, it is hereby

ORDERED that the defendant's motion [Dkt. No. 63] for a reduction in his sentence is GRANTED in part and denied in part; it is

FURTHER ORDERED that Mr. Wooden's sentence will be reduced to 120 months; and it is

FURTHER ORDERED that the Clerk of Court shall prepare an Amended Judgment for the Court's signature.

SO ORDERED.

/s/_________________________
PAUL L. FRIEDMAN
United States District Judge

DATE: July 11, 2013